UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

April Grunwald,

                 Plaintiff,

v.

Midland Funding LLC and
Messerli & Kramer P.A.,

                 Defendants.

Civ. No. 15-4374 (RHK/BRT)
**MEMORANDUM OPINION AND ORDER**

---

Anthony P. Chester, Robert L. Hyde, Hyde & Swigart, Minneapolis, Minnesota, for Plaintiff.

Derrick N. Weber, Sonja B. Beddow, Messerli & Kramer, P.A., Minneapolis, Minnesota, for Defendants.

---

## INTRODUCTION

In this action, Plaintiff April Grunwald alleges Defendants Midland Funding LLC ("Midland") and Messerli & Kramer P.A. ("Messerli") violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, in connection with a debt-collection letter sent to Grunwald in 2014. Defendants now move to dismiss. For the reasons that follow, their Motion will be granted.

## BACKGROUND

At some point prior to 2014, Grunwald incurred a $9,930.61 debt with GE Capital Retail Bank. (Compl. ¶ 18.) Midland later acquired the debt and attempted to collect it. (Id. ¶ 19.) To do so, it retained Messerli, a law firm, which commenced litigation against

Grunwald in the Olmstead County, Minnesota District Court in late 2014. (Weber Decl. Exs. 1-2.)[1] A short time later, Grunwald was served with the Summons and Complaint, which demanded recovery of $9,930.61, plus Midland's costs and disbursements. (Compl. ¶ 21; Weber Decl. Exs. 2-3.) The process server charged a $30 fee to serve Grunwald with the Summons and Complaint. (Weber Decl. Ex. 3.)

On December 22, 2014, Messerli sent Grunwald the letter at the heart of the present dispute. (Compl. ¶ 22 & Ex. A.) The letter provided that Messerli was writing to confer on a discovery plan for the state-court action "and also to discuss settlement." (Id. Ex. A.) Under the caption "Settlement Offer," it provided:

> At this time we can settle this matter for $8,964.00. If you want to take advantage of this settlement offer, please send a check or money order made out to Midland Funding LLC to the address listed above within the next ten days.
>
> The account balance of $9,960.61 consists of the principal balance of $9,930.61, plus incurred costs of $30.00.

(Id.) Grunwald does not appear to dispute that the $30 "incurred costs" added to her "account balance" comprised the process server's fee. (See also Weber Aff. Ex. 4.)

Grunwald commenced this action on December 15, 2015. She does not dispute that she is indebted to Midland or that she has not paid the debt. Nevertheless, she alleges the letter violated the FDCPA because it added $30 to her "account balance"

---

[1] The Court has relied upon Exhibits 1 through 4 to the Declaration of Derrick Weber, each of which is a document filed in the state-court action, without converting Defendants' Motion into one for summary judgment. See, e.g., Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015) (on a motion to dismiss, court may consider, in addition to the pleadings, materials embraced by the pleadings and materials part of the public record); Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (state-court filings are public records).

before Midland had prevailed in the state-court action and been awarded its costs of litigation. Stated differently, Grunwald "maintains that a debt collector cannot claim a consumer has an 'account balance' on a debt . . . of an amount that includes un-entitled, un-awarded, and un-itemized costs." (Mem. in Opp'n at 2.)

Defendants now move to dismiss. The Motion has been fully briefed and is ripe for disposition.

## STANDARD OF REVIEW

A complaint will survive a motion to dismiss only if it includes "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. Id. at 555; accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rather, the party seeking relief must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). In reviewing a motion to dismiss, the Court "must accept a plaintiff's specific factual allegations as true but [need] not . . . accept . . . legal conclusions." Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556).

## ANALYSIS

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Among its many provisions, the statute prohibits a

debt collector from using (i) a "false, deceptive, or misleading representation . . . in connection with the collection of any debt," § 1692e, or (ii) any "unfair or unconscionable means to collect or attempt to collect any debt," § 1692f.  Claims under these provisions are analyzed through the lens of an "unsophisticated consumer," Freyermuth v. Credit Bureau Servs., Inc., 248 F.3d 767, 771 (8th Cir. 2001), a standard designed to "protect consumers of below average sophistication or intelligence without [being] tied to the very last rung on the sophistication ladder," Strand v. Diversified Collection Serv., Inc., 380 F.3d 316, 317 (8th Cir. 2004) (internal quotation marks and citations omitted).

   Here, Grunwald alleges Defendants violated both § 1692e and § 1692f by stating in the December 22 letter that her account balance included $30 in "incurred costs," which was ostensibly the fee for service of process in the state-court action.  While Midland may well have been able to recover that fee *if* it prevailed in the state-court action, see Minn. Stat. § 549.04, subd. 1 ("[i]n every action in a district court, the prevailing party . . . shall be allowed reasonable disbursements paid or incurred, including fees and mileage paid for service of process"), it had not yet prevailed when it sent the letter.  This, according to Grunwald, broke the law:  "a debt collector violate[s] the FDCPA by attempting to collect costs or fees the collector is not presently entitled to." (Mem. in Opp'n at 13.)  And to be sure, this proposition enjoys some support.  See, e.g., Shula v. Lawent, 359 F.3d 489, 492-93 (7th Cir. 2004) (letter demanding unawarded court costs violated FDCPA); Gorman v. Messerli & Kramer, P.A., Civ. No. 15-1890, 2016 WL 755618, at *2-3 (D. Minn. Feb. 25, 2016) (Tunheim, C.J.) (same); but see

Clark v. Main St. Acquisition Corp., 553 F. App'x 510, 514-15 (6th Cir. 2014).[2]

But transgressions of sections 1692e and 1692f occur only when the alleged misrepresentation is *material*. Powers v. Credit Mgmt. Servs., Inc., 776 F.3d 567, 571 (8th Cir. 2015) (citing Hahn v. Triumph P'ships LLC, 557 F.3d 755, 757-58 (7th Cir. 2009)); Neill v. Bullseye Collection Agency, Inc., Civ. No. 08-5800, 2009 WL 1386155, at *2 (D. Minn. May 14, 2009) (Ericksen, J.); see also Elyazidi v. SunTrust Bank, 780 F.3d 227, 234 (4th Cir. 2015); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1033-34 (9th Cir. 2010); Miller v. Javitch, Block & Rathbone, 561 F.3d 588, 596 (6th Cir. 2009). The FDCPA "is designed to provide information that helps consumers to choose intelligently." Hahn, 557 F.3d at 757-58. Hence, the statute addresses "only misstatements that are important in the sense that they could objectively affect the least sophisticated consumer's decisionmaking." Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014) (internal quotation marks and citation omitted). Immaterial information, by its very nature, cannot impact a consumer's response to a debt-collection letter. Hahn, 557 F.3d at 757-58 ("A statement cannot mislead unless it is material, so a false but non-material statement is not actionable."); see also Donohue, 592 F.3d at 1034 ("[T]he materiality requirement functions as a corollary inquiry into whether

---

[2] It is "reasonable for a consumer to assume that a case headed to court might involve [the payment of] costs." Clark, 553 F. App'x at 514 (internal quotation marks omitted). Hence, the Sixth Circuit concluded in Clark that a request for unawarded costs (which in that case was in an unspecified amount) did not violate the FDCPA where state law permitted the recovery of costs by the prevailing party in litigation. Id. This Court agrees with that conclusion. Indeed, such an outcome is particularly appropriate here, given that by the time Grunwald received the December 22 letter, she had already been served with a Complaint demanding both her outstanding debt and an award of "costs and disbursements." Nevertheless, the Court disposes of this case on other grounds, as set forth below.

a statement is likely to mislead an unsophisticated consumer. The materiality inquiry focuses our analysis on the same ends that [the FDCPA strives to achieve] – protecting consumers from misleading debt-collection practices.").

Here, Defendants argue the alleged "misstatement" in the December 22 letter was not material as a matter of law. (See Def. Mem. at 20-22; Reply at 8-9.) Tellingly, despite Defendants having devoted several pages of briefing to this issue, Grunwald disregarded it entirely in her response – indeed, the word "material" appears nowhere in her 22-page opposition brief. Besides being a tacit admission Defendants are correct, Grunwald's failure to address this issue provides reason enough for the Court to grant Defendants' Motion. See, e.g., Ames v. Nationwide Mut. Ins. Co., 760 F.3d 763, 770-71 (8th Cir. 2014) (where a party has "the opportunity to oppose the [movant's] motion," she is "responsible for presenting any argument that might have precluded summary judgment in favor of" the movant); Saghir v. Schenker Logistics, Inc., 501 F. App'x 609, 610 (8th Cir. 2013) (*per curiam*) ("Saghir did not oppose this basis for summary judgment at the district court level, and therefore the argument was waived."); Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs., 558 F.3d 731, 734-35 (8th Cir. 2009) (movant entitled to summary judgment when opponent "fail[s] to oppose a basis for summary judgment").[3]

---

[3] To be sure, at times Grunwald appears poised to address this issue in her brief, only to turn her attention elsewhere. (See, e.g., Mem. in Opp'n at 13 (citing Duffy v. Landberg, 215 F.3d 871 (8th Cir. 2000), for the proposition that "even subtle misrepresentations are still violations").) Yet, she nowhere argues the alleged misrepresentation here was material (or even "subtle"), and she completely ignores the more than half dozen cases cited by Defendants regarding materiality.

Even if Grunwald had not forfeited the argument, however, the Court would nevertheless conclude the alleged misrepresentation was not material, for two reasons.

First, the Court harbors serious doubt whether a thirty dollar misrepresentation in connection with a debt exceeding *nine thousand dollars* can be material as a matter of law. As noted above, a representation is material if it "frustrate[s] a consumer's ability to intelligently choose his or her response." Salaimeh v. Messerli & Kramer, P.A., Civ. No. 13-3201, 2014 WL 6684970, at *3 (D. Minn. Nov. 25, 2014) (Doty, J.) (citations omitted). In the Court's view, it strains credulity to believe that "misrepresenting" a consumer's debt by an amount roughly equal to three-tenths of one percent (0.003) of the actual total could alter the consumer's response to a debt-collection letter. But see Gorman, 2016 WL 755618, at *5. Indeed, by Grunwald's logic, *any* misstatement of the amount of a debt, no matter how minor, would constitute a violation of the statute. It is not hard to conceive of absurd outcomes that might result: should a one penny overstatement of a one-million-dollar debt run afoul of the statute? The FDCPA is intended to be liberally construed and broadly applied, but the Court does not believe it sweeps *that* broadly. See Powell, 782 F.3d at 127 ("[A] de minimis misstatement of the total amount owed might not be actionable."); see also McIvor v. Credit Control Servs., Inc., 773 F.3d 909, 913 (8th Cir. 2014) ("Even a literally false statement does not violate § 1692e if it would not mislead the recipient.").[4]

---

[4] Notably, Grunwald did not allege in her Complaint that the $30 overstatement impacted her ability to respond to the December 22 letter. See Camarena v. Wells Fargo Bank, N.A., Civ. No. 14-131, 2014 WL 4055631, at *2 (D. Minn. Aug. 14, 2014) (Doty, J.) (dismissal of FDCPA claim warranted where plaintiff "has not pleaded that any misrepresentation affected her ability

Second, the Court does not believe the $30 "misrepresentation" here was material given the full text of the letter. Grunwald attempts to label the added $30 as a "demand" for unawarded costs (Mem. in Opp'n at 13), and yet the word demand appears nowhere in the letter. If anything, the only demand in the letter was to settle the case for an amount nearly $1,000 less than the "true" balance. (See Compl. Ex. A ("At this time we can settle this matter for $8,964.00.").) Under these facts, the Court fails to perceive how even an unsophisticated consumer's response would have been altered by the addition of the $30 fee. The decision to settle or not settle for a far lesser amount simply would not have been impacted by the added thirty dollars in Grunwald's balance.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. No. 6) is **GRANTED** and Grunwald's Complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: March 28, 2016                       s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge

---

to intelligently choose her response"). And while she *now* claims she was deceived by the December 22 letter (Mem. in Opp'n at 12-13), this does not alter the outcome, as materiality is analyzed *objectively*. Elyazidi, 780 F.3d at 234.